HILL (BLOOMER v.). See Case No. 18,242.
HINES v. FITZHUGH. See Case No. 18,302.

———

## Case No. 18,302.

### HINES v. GORDON et al.

[2 Hayw. & H. 222.] [1]

Circuit Court, District of Columbia. June 20, 1856.

HUSBAND AND WIFE — DISPOSAL OF PROPERTY BY WILL — ABANDONMENT.

1. In the absence of consent on the part of her husband, a wife cannot dispose of her personal property by will during his lifetime.

2. Judge Morsell *held*, that where a husband voluntarily abandoned his wife and neglected to provide for her, she may dispose of any property she may have subsequently acquired in such manner as she may please.

At law. This is an issue from the orphans' court between Jacob Hines and John Gordon and John Fitzhugh to try the validity of a will executed by Mrs. Rachel Hines, the mother by a former husband of the defendants' wives. The following is the caveat of Jacob Hines in the matter of the will of Rachel Hines, deceased: "(1) Your caveator respectfully represents that the paper propounded as the last will and testament of Rachel Hines, deceased, is not the last will and testament of said Rachel. (2) That at the time prior to the making of the alleged will, said caveator intermarried with said Rachel, which said marriage was never annulled or vacated till the death of said Rachel, and that no consent was given by said caveator to the making of said alleged will, or any will or testament or disposition by the said Rachel. Wherefore the said caveator respectfully prays that the said will may not be admitted to probate, and that the court may direct an issue to be made up and sent to the circuit court, to try whether the said alleged will is the last will and testament of said Rachel Hines." The issue as prayed was sent up to the circuit court.

Bradley & Bradley, for the will.
Carlisle & Maury, for the caveator.

The defendants, through their counsel, asked the court to give to the jury the following instructions: "If from the whole evidence aforesaid the jury shall find that the said Rachel Hines was, in the year 1837, the widow of Thomas Taylor, then late of the city of Washington, the administratrix of the personal estate of said Thomas, and guardian of her three children by said Thomas: to wit, (one name not given) since deceased, unmarried and intestate; Martha Ann, the wife of the defendant Fitzhugh, and Rachel, the wife of the defendant Gordon. That as administratrix and guardian as aforesaid, she had possession and control of the real estate and personal estate of said Thomas, and kept the same undistributed, and undivided, and so managed the same for the common benefit of herself and her said children until the year 1850. That in the year 1850 the personal estate of said Thomas, and the accounts of said guardian were settled, and by the said settlement the negro woman and her children in said will named were passed to the testatrix as part of her share in said estate, and in settlement of her account as guardian for the maintenance and education of her said children, then in the year 1850, and not before, in law, she became the purchaser of said negro woman and children, and until then she had no separate estate in them which would have enabled her to dispose of them in her own right. And if they shall further find that in the year 1837 the said Rachel

1 [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

intermarried with the said Jacob Hines, she still retaining the said control, possession and management of the estate of said Thomas; and that in the month of December, 1841, he deserted and abandoned her, refused to provide for her support, and told her in effect to provide for herself, went to the state of Ohio, and ever after to the day of her death remained and continued to live separate and apart from her, and afforded her no aid, protection or support; that to support herself and her said children, she was obliged to open and keep, and did in fact open and keep, and provide for, and furnish a boarding house, and entertain boarders therein in the city of Washington, from the year 1842 to the year 1847, when the said Fitzhugh was married, and for that purpose did from time to time rent divers houses in said city, and did thenceforth, to wit, from December, 1841, to her death in 1852, deal, trade and carry on business in the said city in her own name, on her sole credit and responsibility, assisted by the means so as aforesaid derived from the estate of said Thomas Taylor, and was enabled thereby to maintain herself and said children, and to purchase the said negroes as aforesaid in the year 1850, then she had a right in law to dispose of the same as her separate property, either in her life-time, or by her last will." The court refused to give the above instructions.

The caveator, through his counsel, asked the court to give to the jury the following instructions: "If the jury believe from the evidence that the slave Henny, mentioned in the alleged will, is the same slave mentioned in the inventory of the estate of said Thomas Taylor, and that the other slaves in said will mentioned are the issue of the said Henny, born while she was held by the said Rachel Hines, after the death of said Taylor, and before her marriage with said Hines, or after said marriage, then the alleged will being made only as to the said property, is null and void." Which said instruction the court gave as prayed.

To the granting of said instructions, as prayed for by the caveator, as also to the refusal of the instructions prayed for by the defendants, the defendants excepted.

The following prayers were offered by the counsel for the caveator, and, the court being divided in opinion, were refused: "If the jury believe from the evidence aforesaid that the separation between the caveator, Jacob Hines, and his wife Rachel, in the year 1841, was not intended by the said Jacob to be a final abandonment of his said wife, but was with the intention of returning to live with his said wife; or if the jury shall find from said evidence that the said separation was continued only in consequence of the said Rachel's determination and declaration, that she would never live with her said husband again; in either case they must find for the caveator, Jacob Hines, on this issue. If the jury believe from the evidence aforesaid that the deceased, Rachel Hines, at the time of executing the paper writing so as aforesaid propounded as a will, and at the time of her death was the lawful wife of the caveator, Jacob Hines, and that the said Jacob Hines did not assent to the making of the said paper writing, then the said paper writing is not the will of the said Rachel Hines, but is utterly null and void, and they must render their verdict for the caveator on this issue."

MORSELL, Circuit Judge, agreeing with his colleague, DUNLOP, Chief Judge, on general principles, but making an exception in this case, expressing himself to the effect that where a husband voluntarily abandons his wife, and neglects to provide for her, the wife may dispose of any property she may have subsequently acquired in such manner as she may please.

At the March term, 1855, the verdict of the jury was for the caveator.

Motion was thereupon made for a new trial by the defendants. At this, the March term, 1856, the court dismissed the motion for a new trial, and certified the verdict to the orphans' court.

---

# I.

ILLEGAL VOTING—CHARGE TO GRAND JURY IN RELATION TO ILLEGAL VOTING. See Case No. 18,254.

INTERNAL REVENUE LAWS—CHARGE TO GRAND JURY IN RELATION TO FRAUDS UPON THE REVENUE. See Case No. 18,251.

   30 Fed.Cas.—69

INTERNAL REVENUE LAWS—CHARGE TO GRAND JURY IN RELATION TO INTERNAL REVENUE LAWS. See Case No. 18,248.